### State *vs.* William H. Kennedy.

A constitutional amendment provided, " The manufacture and sale of intoxicating liquors
    to be used as a beverage shall be prohibited.   The General Assembly shall provide by
    law for carrying this article into effect."
*Held*, that this constitutional provision did not limit the power which the General Assembly
    previously had to enact prohibitory laws.
*Held*, further, that nothing in this constitutional provision gave the right to manufacture
    and sell intoxicating liquors to be used otherwise than as a beverage.
*State* v. *Kane*, 15 R. I. 395, affirmed.

EXCEPTIONS to the Court of Common Pleas.

*January* 4, 1889.   PER CURIAM.   The defendant, who is under
complaint for keeping intoxicating liquors for sale in violation of
the statute, moved the court below to quash the complaint, and,
after verdict of guilty, to arrest the sentence, because the com-
plaint did not charge any offence, in that it omitted to charge
that the defendant kept the liquors for sale in this State, " to be
used as a beverage."    Both motions were denied and the defend-
ant excepted.    The charge corresponds with the amended statute,
which likewise omits the words " to be used as a beverage," and
is therefore sufficient in this respect, unless the statute is uncon-
stitutional in consequence of the omission.    In *State* v. *Kane*, 15
R. I. 395, we carefully considered the point here raised, and ex-
pressed the opinion that while the fifth amendment to the Con-
stitution, commonly called the prohibitory amendment, makes it

obligatory on the General Assembly to .enact laws to prevent the sale of intoxicating liquors " to be used as a beverage," it does not take away from the General Assembly, either expressly or by implication, the power which it previously had to restrict the sale for other purposes to certain persons or classes of persons; but rather, on the contrary, makes it their duty to impose such a restriction, if, by so doing, they can the more effectually prevent the selling and keeping for sale for *use as a beverage.* We remain of the opinion there expressed.               *Exceptions overruled.*

*Horatio Rogers,* Attorney General, for plaintiff.

*Joseph Osfield, Jun.,* for defendant.